**MARCIA HURD**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 1478**
**Billings, MT  59103**
**2929 Third Ave. North, Suite 400**
**Billings, MT  59101**
**Phone:  (406) 657-6101**
**FAX:  (406) 657-6989**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

```
                                    FILED
                                 BILLINGS, MT

                                 2006 JAN 19  AM 11 22

                                 PATRICK E. DUFFY, CLERK
                                 BY  T. Devitt
                                      DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STEVEN QUINN,<br><br>　　　　Defendant. | CR 06- 01 -BU- DWM<br><br>**INDICTMENT**<br><br>COERCION & ENTICEMENT (Count I)<br>Title 18 U.S.C. § 2422(a)<br>(Penalty:  Twenty years imprisonment,<br>$250,000 fine, and lifetime supervised release)<br><br>COERCION & ENTICEMENT (Count II)<br>Title 18 U.S.C. § 2422(b)<br>(Penalty: Mandatory minimum five to twenty years imprisonment, $250,000 fine, and lifetime supervised release) |

|  | **TRANSPORTATION OF A MINOR (Count III)**<br>**Title 18 U.S.C. § 2423(a)**<br>**(Penalty: Mandatory minimum five to twenty years imprisonment, $250,000 fine, and lifetime supervised release)**<br><br>**VIOLATION OF THE COMMUNICATIONS DECENCY ACT (Counts IV, V)**<br>**Title 42 U.S.C. §§ 223(a)(1)(C), (a)1(E)**<br>**(Penalty: Two years imprisonment, $250,000 fine, and one year supervised release)** |
|---|---|

THE GRAND JURY CHARGES:

COUNT I

That from in or about June of 2003 and continuing thereafter until in or about December of 2004, in Park County, in the State and District of Montana, and other places, including the States of Illinois and Wisconsin, the defendant, STEVEN QUINN, knowingly persuaded, induced, enticed, or coerced any individual to travel in interstate or foreign commerce, to engage in sexual activity for which any person can be charged with a criminal offense, namely Wis. Stats. Sec. 948-09, in violation of 18 U.S.C. § 2422(a).

COUNT II

That from in or about June of 2003 and continuing thereafter until in or about December of 2004, in Park County, in the State and District of Montana, and other places, including the States of Illinois and Wisconsin, the defendant, STEVEN QUINN, used any facility or means of interstate commerce to knowingly persuade, induce, entice or coerce any individual who had not attained the age of 18 years to engage in

any sexual activity for which any person can be charged with a criminal offense, namely Wis. Stats. Sec. 948-09, in violation of 18 U.S.C. § 2422(b).

## COUNT III

That from in or about June of 2003 and continuing thereafter until in or about December of 2004, in Park County, in the State and District of Montana, and other places, including the States of Illinois and Wisconsin, the defendant, STEVEN QUINN, knowingly transported an individual who had not attained the age of 18 years in interstate or foreign commerce, with intent that the individual engage in any sexual activity for which any person can be charged with a criminal offense, namely Wis. Stats. Sec. 948-09, in violation of 18 U.S.C. § 2423(a).

## COUNT IV

That on or about May 6, 2005, in Park County, in the State and District of Montana, the defendant, STEVEN QUINN, made a telephone call, or utilized a telecommunications device, whether or not conversation or communication ensued, without disclosing his identity and with intent to annoy, abuse, threaten, or harass any person at the called number or who receives the communications, in violation of 42 U.S.C. § 223(a)(1)(C).

## COUNT V

That on or about May 2005 through July 2005, in Park County, in the State and District of Montana, the defendant, STEVEN QUINN, made repeated telephone calls, or repeatedly initiated communication with a telecommunications device, during which conversation or communication ensued, solely to harass any person at the called number or who received the communications, in violation of 42 U.S.C. § 223(a)(1)(E).

A TRUE BILL.

_____
FOREPERSON

_____
WILLIAM W. MERCER
United States Attorney

_____
CARL E. ROSTAD
Criminal Chief Assistant U.S. Attorney

Crim. Summons _____
Warrant: ✓
Bail: none