MARCIA HURD
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 1478
Billings, MT  59103
2929 Third Ave. North, Suite 400
Billings, MT  59101
Phone:  (406) 657-6101
FAX:  (406) 657-6989

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. STEVEN QUINN, Defendant. | CR 06-01-BU-DWM<br><br>**RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM** |
|---|---|

COMES NOW, Marcia Hurd, Assistant United States Attorney for the District of Montana, and hereby files the government's Response to Defendant's Sentencing Memorandum.

Quinn notes no factual objections to be dealt with at sentencing, but posits a legal objection, claiming that the mandatory minimum sentence of five years is

unconstitutional.  Quinn argues that since the Wisconsin offense serving as the predicate offense pursuant to the transportation statute is a misdemeanor, his mandatory minimum five year sentence is "disproportionate punishment in violation of the 8th Amendment."  Quinn also labels it "simply unfair".  Finally, he claims that the sentence violate federalism, arguing that had Quinn been prosecuted in Wisconsin, he would be guilty of a misdemeanor.

However, Quinn pled guilty to a federal violation under 18 U.S.C. § 2423.  The statute requires that a person knowingly transport an individual who has not attained the age of 18 years in interstate or foreign commerce, with the intent that the individual engage in prostitution or in any sexual activity for which any person can be charged with a criminal offense.  The violation is the interstate travel with intent – not the underlying sexual activity.  It matters naught whether the underlying violation is a felony or a misdemeanor, as the statute only requires that "any person can be charged with a criminal offense".  See, 18 U.S.C. § 2423.  Had Congress intended to limit the underlying crimes to felonies only, it certain could have so limited, by using such language.

The Eighth Amendment of the United States Constitution bars the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII.  In *Roper v. Simmons*, the U.S. Supreme Court stated this amendment "guarantees individuals the right not to be subjected to excessive sanctions."  543 U.S. 551, 560, 125 S.Ct. 1183, 161 (2005).  "The right flows from the basic precept of justice that punishment for crime should be graduated and proportioned to the offense."  *Id*.

Courts are extremely circumspect when applying Eighth Amendment review of prison terms, even though it has been applied to lengthy sentences of incarceration. *State v. Davis*, 206 Ariz. 377, 381, 79 P.3d 64, 68 (2003).  In *Ewing v. California*, the Supreme Court has noted that noncapital sentences are subject only to a "narrow proportionality principle" which prohibits sentences that are "grossly disproportionate" to the crime.  538 U.S. 11, 20, 23, 123 S.Ct. 1179 (2003) (O'Conner , J., concurring in the judgement) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 996-97, 111 S.Ct. (1991) (Kennedy, J., concurring in part and concurring in the judgement)).

In *Ewing v. California*, the Court also rejected an Eighth Amendment challenge to a prison term of twenty-five years to life under California's "three strikes law" for a recidivist who was convicted of stealing golf clubs worth $1,200.  538 U.S. 11, 123 S.Ct. 1179 (2003).  Justice O.Conner, in a plurality opinion, recognized that the law had been criticized for its lack of effectiveness and lack of wisdom, but, nonetheless, she noted that the State of California had a "reasonable basis" for believing the law would substantially advance the deterrence of crime.  *Id.* at 24-28, 123 S.Ct. 1179.   Justice O'Conner went on to state that even though the sentence was long, "it reflects a rational legislative judgment, entitled to deference, that offenders who have committed serious crimes" must be incapacitated.  Id. at 30, 123 S.Ct. 1179.

Both *Hamelin* and *Ewing* reaffirm that only in "exceedingly rare" cases will a sentence for a term of years violate the cruel and unusual punishment prohibition stated in the Eighth Amendment.  *Ewing*, 538 U.S. at 22, 123 S.Crt. 1179.  In order to make this determination, a court must first determine whether or not the legislature "has a reasonable basis for believing that [a sentence] advance[s] the goals of [its] criminal

justice system in any substantial way." Id. at 28, 123 S.Ct. 1179 (quoting *Solem v. Helm*, 463 U.S. 277, 297 n. 22, 103 S.Ct. 3001 (1983). After making that determination, the court then considers if the sentence of the particular defendant is grossly disproportionate to the crime he committed. *Id*. The court need not look beyond this threshold question if it arguably furthers the State's penological goals and reflects "a rational legislative judgment, entitled to deference." *Id.* at 30, 123 S.Ct. 1179. The Court emphasizes that the decision of the legislature must be entitled to deference. The legislature here had a reasonable basis for the minimum mandatory sentence, to discourage interstate transportation of minors for sexual purposes.

The Ninth Circuit has held that challenges to the proportionality of sentences are to be assessed by applying objective criteria, including "(1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and may include (3) the sentences imposed for commissions of the same crime in other jurisdictions." *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (quoting *Solem v. Helm*, 463 U.S. 277, 290-92, 103 S.Ct. 3001 (1983) (internal quotations omitted).

However, "[c]omparative analysis of sentences for other crimes is only appropriate in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *United States v. Harris*, 154 F.3d 1082, 1084 (9th Cir. 1998). (quoting *Harmelin*, 501 U.S. at 1005). But, in *Atkins v. Virginia*, the Supreme Court stated, "[W]e have pinpointed that the clearest and most reliable objective evidence of contemporary values is the

legislation enacted by the country's legislatures." 122 S.Ct 2242, 2247, 536 U.S. 304 (2002).

Only once in the past 25 years has the Supreme Court sustained an Eighth Amendment challenge to the length of a prison sentence. In that case, *Solem v. Helm*, a judge sentenced a non-violent repeat offender to life imprisonment without parole for the crime of writing a "no account" check for one hundred dollars. 463 U.S. at 279-82, 103 S.CT. 3001. The Court noted that this crime was very minor and the life sentence was "the most severe punishment that the State could have imposed." *Id.* at 297, 103 S.Ct. 3001. The Court further noted that the crime was "one of the most passive felonies a person could commit." *Id*.

*Solem* did not involve a mandatory minimum sentence, like the sentence Quinn is facing, but rather, concerned a judge's discretionary decision to impose the maximum authorized sentence. Therefore, *Solem* did not implicate the "traditional deference" that courts must afford to legislative policy choices when reviewing statutory mandated sentences. *See Ewing,* 538 U.S. at 25, 123 S.Ct. 1179 (O'Connor, J., announcing judgement of the Court); *Harmelin*, 501 U.S. at 1006-07, 111 S.Ct. 2680 (Kennedy, J., concurring in part and concurring in the judgement); *Solem*, 463 U.S. at 299, n. 26, 103 S.Ct. 3001 (noting that the Court's decision "did not question the legislature's judgement.").

In *Rummel v. Estelle*, the Supreme Court observed that federal courts should be reluctant to review legislatively mandated terms of imprisonment, and that successful challenges to the proportionality of particular sentences should be "exceedingly rare." 445 U.S. 263, 100 S.Ct. 1133 (1980) (citing *Hutto v. Davis*, 454 U.S. 370, 374, 102 S.Ct

730 (1982)).  This is not one of those exceedingly rare cases.  Quinn is directly responsible for engaging a minor in a sexual relationship via the Internet and transporting him across state lines for sexual activity that is criminal.  The mandatory minimum sentence of five years is not grossly disproportionate to the crimes he has committed.

Additionally, Quinn's plea agreement contains his acknowledgment about the mandatory minimum sentence for the crime to which he entered a plea.  He agreed with the offer of proof language detailing the same and reported to the court the mandatory minimum during his change of plea.  Quinn's claim that the mandatory minimum sentence of five years is unconstitutional should fail.

**DATED** this 25th day of September, 2006.

>	WILLIAM W. MERCER
>	United States Attorney
>
>	__/s/ Marcia Hurd_____
>	MARCIA HURD
>	Assistant U.S. Attorney